DEFENSE OF JUSTIFICATION

A defense that is being presented by the defendant is known as justification, and, in this case, otherwise known as a "choice of evils" defense.  Under this theory of defense, you must determine whether or not the defendant was justified in possessing the handgun, in question, for the purpose of preventing harm to others.

The elements of this defense are:

1.  The defendant, or someone else, was under a present threat of death or serious bodily injury, and

2.  The defendant did not recklessly place himself in a situation where he would be forced to engage in the possession of the gun in question.

3.  The defendant had no reasonable legal alternative that would avoid his possession of the gun and the threatened death or injury, and

4.  There was a direct causal relationship between the possession of the gun and the avoidance of a threatened harm.

It is the defendant's burden to establish this defense by a preponderance of the evidence.  The term "preponderance of the



FILED

APR 1 2 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces, in your minds, belief that what is sought to be proved is more likely true than not true.  This standard does not require proof to an absolute certainty, since proof to an absolute certainly is seldom possible in any case.

In determining whether any fact and issue has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In conclusion, therefore, if you find that the Government has proved all of the elements beyond a reasonable doubt, but you also find, by a preponderance of the evidence, that the defendant has established all of the elements of the defense of justification [choice of evils], then you must acquit the defendant of the crime charged.

FROM US ATTORNEY DELAWARE

Westlaw.

225 F.3d 340
225 F.3d 340
(Cite as: 225 F.3d 340)

Page 1

**H**
Briefs and Other Related Documents

United States Court of Appeals,Third Circuit.
UNITED STATES of America,
v.
Reginald DODD, Appellant.
No. 99-1530.

Argued May 25, 2000.
Filed Aug. 24, 2000.
As Amended Oct. 27, 2000.

Defendant was convicted by jury in the United States District Court for the Eastern District of Pennsylvania, Robert S. Gawthrop, III, J., of being felon in possession of firearm. Defendant appealed. The Court of Appeals, Rendell, Circuit Judge, held that defendant raising justification defense to felon-in-possession charge must prove elements of defense by a preponderance of the evidence.

Affirmed.

West Headnotes

[1] Weapons 406 🔑17(4)

406 Weapons
    406k17 Criminal Prosecutions
        406k17(4) k. Weight and Sufficiency of Evidence. Most Cited Cases
Defendant raising justification defense to federal charge of being felon in possession of firearm must prove the elements of such affirmative defense by a preponderance of the evidence. 18 U.S.C.A. § 922(g)(1).

[2] Weapons 406 🔑4

406 Weapons
    406k4 k. Manufacture, Sale, Gift, Loan, Possession, or Use. Most Cited Cases
The justification defense to charge of being felon in possession of firearm has four elements: (1) that the defendant or someone else was under unlawful and present threat of death or serious bodily injury, (2) that the defendant did not recklessly place himself in a situation where he would be forced to engage in criminal conduct, (3) that the defendant had no reasonable legal alternative that would avoid both the

criminal conduct and the threatened death or injury, and (4) that there was a direct causal relationship between the criminal act and the avoidance of the threatened harm. 18 U.S.C.A. § 922(g)(1).

[3] Criminal Law 110 🔑1139

110 Criminal Law
    110XXIV Review
        110XXIV(L) Scope of Review in General
            110k1139 k. Additional Proofs and Trial De Novo. Most Cited Cases
Court of Appeals would review de novo the district court's legal determination as to the appropriate placement of the burden of persuasion with respect to justification defense.

[4] Constitutional Law 92 🔑266(7)

92 Constitutional Law
    92XII Due Process of Law
        92k256 Criminal Prosecutions
            92k266 Rules of Evidence in General
                92k266(7) k. Presumptions, Burden of Proof, and Weight of Evidence. Most Cited Cases

Weapons 406 🔑17(2)

406 Weapons
    406k17 Criminal Prosecutions
        406k17(2) k. Presumptions and Burden of Proof. Most Cited Cases
Under due process principles, burden of persuasion as to justification defense could be placed on defendant charged with being felon in possession of firearm, inasmuch as factual basis for defense would not negate any elements of offense. U.S.C.A. Const.Amend. 5; 18 U.S.C.A. § 922(g)(1).

[5] Constitutional Law 92 🔑266(7)

92 Constitutional Law
    92XII Due Process of Law
        92k256 Criminal Prosecutions
            92k266 Rules of Evidence in General
                92k266(7) k. Presumptions, Burden of Proof, and Weight of Evidence. Most Cited Cases
Although the Due Process Clause requires the government to prove all elements of the charged offense beyond a reasonable doubt, and therefore requires the government to disprove beyond a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

225 F.3d 340
225 F.3d 340
(Cite as: 225 F.3d 340)

reasonable doubt any defenses that negate an element of the charged offense, there is no constitutional bar to the defendant's bearing the burden of persuasion on defenses that do not negate an element of the offense. U.S.C.A. Const.Amends. 5, 14.

**[6] Weapons 406 🔑4**

406 Weapons
    406k4  k.  Manufacture,  Sale,  Gift,  Loan, Possession, or Use. Most Cited Cases
To show that defendant was a felon in possession of a firearm, the government must prove the following elements  beyond  a  reasonable  doubt:    (1)  that defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year,  (2)  that  defendant  knowingly  possessed  a firearm,  and  (3)  that  the  firearm  had  passed  in interstate commerce. 18 U.S.C.A. § 922(g)(1).

**[7] Weapons 406 🔑4**

406 Weapons
    406k4  k.  Manufacture,  Sale,  Gift,  Loan, Possession, or Use. Most Cited Cases
Requirement that, to obtain conviction for being felon in possession of firearm, government show that defendant "knowingly possessed" a firearm means only  that  government  must  prove  defendant's awareness that he possessed the firearm; government need not demonstrate that defendant possessed the firearm with intent to cause harm, or with knowledge that such possession was unlawful. 18 U.S.C.A. § 922(g)(1).

**[8] Criminal Law 110 🔑739(1)**

110 Criminal Law
    110XX Trial
        110XX(F)  Province  of  Court  and  Jury  in General
            110k733 Questions of Law or of Fact
                110k739 Defenses in General
                    110k739(1) k. In General. Most Cited Cases
Where courts have engrafted a traditional common-law defense onto a statute that itself is silent as to the applicability of traditional defenses, it is within the province of the courts to determine where the burden of proof on that defense is most appropriately placed.

*341 Shari E. Lewis, [Argued], Craig D. Margolis, Office of United States Attorney, Philadelphia, PA,

Counsel for Appellee.
David L. McColgin, [Argued], Defender Association of Philadelphia, Federal Court Division, Philadelphia, PA, Counsel for Appellant.

Before: ALITO and RENDELL, Circuit Judges, and DUHE, Senior Circuit Judge. FN*

> FN*  The  Honorable  John  M.  Duhe,  Jr., United States Court of Appeals Judge for the Fifth Circuit, sitting by designation.

OPINION OF THE COURT

RENDELL, Circuit Judge.
[1] The sole issue presented in this appeal is the difficult question of who must bear the burden of persuasion  when  a  criminal  defendant  raises  a justification defense to the federal charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (1994).  We specifically reserved this question in United States v. Paolello, 951 F.2d 537 (3d Cir.1991), in which we defined the elements of  the  justification  defense  to  §  922(g)(1).    See Paolello, 951 F.2d at 544.  We now conclude that, in a  case  such  as  this  one,  given  the  nature  of  the justification  defense  and  of  the  crime  charged,  the defendant must prove the elements of this affirmative defense  by  a  preponderance  of  the  evidence.    We will therefore affirm the District Court's order of conviction and sentence.

**I. Facts and Procedural History**

[2] Reginald Dodd was convicted by a jury in the United States District Court for the Eastern District of Pennsylvania of one count of being a felon in possession  of  a  firearm.    During  the  trial,  Dodd stipulated to his status as a convicted felon and did not dispute that he had possessed a firearm for a short period  of  time  on  December  3,  1996.    The  only question at trial was whether Dodd was justified in possessing  the  gun  for  the  purpose  of  preventing harm to others.  The justification defense in our court has four elements: (1) that the defendant or someone else was under unlawful and present threat of death or serious bodily injury;  (2) that the defendant did not recklessly place himself in a situation where he would be forced to engage in criminal conduct;  (3) that the defendant had no reasonable legal alternative that would avoid both the criminal conduct and the threatened death or injury;  and (4) that there was a direct causal relationship between the criminal act

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

225 F.3d 340                                                                        Page 3
225 F.3d 340
**(Cite as: 225 F.3d 340)**

and the avoidance of the threatened harm. *See* *Paolello,* 951 F.2d at 540-41.

Dodd and two other eyewitnesses, his neighbors Hazel Flood and Cynthia Reed, testified in Dodd's defense. Dodd and Flood testified that they had spotted a gun lying in the street, and that Dodd had picked it up in order to keep it out of the hands of a group of young children who were coming down the street. Dodd testified that he took the gun in order to prevent the children from hurting themselves. After Dodd picked up the gun, he put it in his pocket and walked back toward his nearby home; Dodd testified that his "intention[ ] was to pick this gun up and take it to the house and call the police and report it." A. at 157. Before Dodd could reach his house, two plainclothes police officers, who were responding to a radio call, [FN1] stopped and frisked him, finding the .25 caliber automatic pistol.

> FN1. This call described a robbery suspect with a physical description resembling Dodd's. The government was not able to produce evidence linking the robbery with Dodd, or showing that he was the suspect described in the radio call.

At trial, much of the testimony concerned the issue underlying the third element of the justification defense: whether Dodd had a reasonable legal alternative to picking up the gun. Flood, who discovered the gun initially, testified that she was unwilling to pick up the gun herself. Dodd and Flood both testified that they saw no alternative to Dodd's picking up the gun in order to prevent the approaching children from getting their hands on it. The government, whose witnesses included the arresting Philadelphia police officers, Todd Lewis and Kevin Lewis, argued that Dodd could have pursued other courses of action, such as asking Flood or Reed to call the police while Dodd stood over the gun to *343 prevent the children from taking it, covering the gun to hide it, or kicking the gun down the nearby sewer.

During the jury charge conference, defense counsel argued that the defendant should bear only the initial burden of production on the justification defense, while the government should bear the ultimate burden of persuasion. According to the defense's theory, Dodd need only present some evidence to support each element of the defense; should he do so, the government would then bear the burden of disproving at least one element of the defense beyond

a reasonable doubt. The government argued that where the justification defense did not negate one of the elements of the crime charged, the defendant should be required to prove each element of the defense by a preponderance of the evidence. The District Court concluded that the government had correctly described the placement of the burden of persuasion; the District Court relied principally on the reasoning of the United States Court of Appeals for the Ninth Circuit in *United States v. Dominguez-Mestas.* *See* *United States v. Dominguez-Mestas,* 929 F.2d 1379, 1380 (9th Cir.1991) (per curiam) (holding that the defendant bears the burden of proving a duress defense to a federal charge of unlawful importation of narcotics). The District Court, therefore, gave a jury charge that placed the burden of persuasion on the affirmative defense of justification on the defendant, by a preponderance of the evidence. The Court included an explicit description of the burden of persuasion:

[A]s to this defense the burden of proof is upon, not the Government, but upon the defendant to prove by a fair preponderance of the evidence, that is to say, to prove the defense, factually and legally, more likely than not, has been made out. Burden of proof by a preponderance of the evidence is more likely than not.

A. at 257. In her closing argument, government counsel specifically referred to "the defendant's burden to show you there was nothing else that he could have done." A. at 239.

During its deliberations, the jury clearly was grappling with the issues raised by the justification defense. On the first day of deliberations, the jury asked Judge Gawthrop: "Do we have to consider [Dodd's] perception of legal alternatives?" A. at 266. The jury also requested a handwritten copy of Judge Gawthrop's instructions on the justification defense. *See* A. at 271, 273-74. The jury returned a guilty verdict on the second day of deliberations.

At sentencing, the District Court granted an unopposed downward departure motion based on overrepresentation of criminal history, and imposed a sentence of 15 years' imprisonment, the mandatory minimum sentence provided by the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). Dodd now appeals his conviction and sentence.

**II. Jurisdiction and Standard of Review**

[3] The District Court had jurisdiction over this

225 F.3d 340
225 F.3d 340
(Cite as: 225 F.3d 340)

federal criminal case pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction over the District Court's final decision pursuant to 28 U.S.C. § 1291. We review *de novo* the District Court's legal determination as to the appropriate placement of the burden of persuasion. *See Walden v. Georgia-Pacific Corp.,* 126 F.3d 506, 513 (3d Cir.1997) ("We generally review jury instructions for abuse of discretion, but our review is plenary when the question is whether the instruction misstates the law.").

## III. Discussion

The question of the appropriate placement of the burden of persuasion can be broken down into two subsidiary questions: (1) Can this court constitutionally place the burden of persuasion on the defendant? (2) If we can place the burden of persuasion on the defendant, should we?

*344 [4] [5] [6] [7] The first question is easily answered in the affirmative. Although the Due Process Clause requires the government to prove all elements of the charged offense beyond a reasonable doubt, *see In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), and therefore requires the government to disprove beyond a reasonable doubt any defenses that negate an element of the charged offense, *see Patterson v. New York,* 432 U.S. 197, 210, 215, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), there is no constitutional bar to the defendant's bearing the burden of persuasion on defenses that do not negate an element of the offense, *see Patterson,* 432 U.S. at 210-11, 97 S.Ct. 2319. To show that Dodd was a felon in possession of a firearm in violation of § 922(g)(1), the government was required to prove the following elements beyond a reasonable doubt: (1) that Dodd had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; (2) that Dodd knowingly possessed a firearm; and (3) that the firearm had passed in interstate commerce. The factual basis for Dodd's justification defense, if accepted, would not serve to negate any of these elements. The requirement that the government must show that the defendant "knowingly possessed a firearm" means only that the government must prove the defendant's awareness that he possessed the firearm; the government need not demonstrate that the defendant possessed the firearm with an intent to cause harm, or with knowledge that such possession was unlawful. Thus, the justification defense would not negate the *mens rea* element of the felon-in-possession statute.

*See Paolello,* 951 F.2d at 544 ("[T]he fact that a person acts for an innocent reason in no way detracts from the knowing quality of his act.").

[8] Dodd essentially concedes that placing the burden of persuasion on him is not constitutionally prohibited. However, he urges us to follow *United States v. Talbott,* 78 F.3d 1183 (7th Cir.1996) (per curiam), in which the United States Court of Appeals for the Seventh Circuit determined that, absent a statute explicitly allocating to the defendant the burden of proving an affirmative defense, a court has no power to allocate this burden to the defendant: Nevertheless, the fact that the Constitution allows Congress or state legislatures to enact laws allocating to criminal defendants the burden of proving affirmative defenses does not mean that, absent a statute actually doing so, the burden shifts automatically. In other words, though it may be constitutionally permissible to enact a burden-shifting statute, some affirmative legislative action must trigger that shift. Absent such a statute, the burden of proof remains on the government to negate beyond a reasonable doubt the affirmative defense properly raised by the defendant.

*Talbott,* 78 F.3d at 1186 (citation omitted). The *Talbott* Court therefore held, in a case involving a justification defense to a felon-in-possession charge, that the burden of persuasion must remain with the government because Congress has not allocated the burden to the defendant by statute. We do not find *Talbott's* reasoning persuasive. *Talbott* cites to cases that either refer to such statutory burden-shifting in permissive terms, employ statutorily created placement of the burden of persuasion on the defense, or allocate the burden of persuasion to the government as a matter of federal constitutional or common law for reasons other than the absence of statutory allocation. Unlike the Seventh Circuit Court of Appeals, however, we can find nothing in this case precedent that *limits* such burden allocation to occur only if Congress has explicitly ordained it. The felon-in-possession statute does not contain any mention of a burden of proof on a justification defense, or indeed, of the defense itself. Rather, it states simply that "[i]t shall be unlawful for any person-(1) who has been convicted in any court of, a *345 crime punishable by imprisonment for a term exceeding one year; ... [to] possess in or affecting commerce, any firearm." 18 U.S.C. § 922(g). The justification defense, at least as it relates to this charge, is a judge-made defense. *See Paolello,* 951 F.2d at 540-41 (outlining the elements of the justification defense as it applies to the felon-in-

225 F.3d 340                                                            Page 5
225 F.3d 340
(Cite as: 225 F.3d 340)

possession charge).   Where courts have engrafted a traditional common-law defense onto a statute that itself is silent as to the applicability of traditional defenses, it is within the province of the courts to determine where the burden of proof on that defense is most appropriately placed.   *See United States v. Masters*, 978 F.2d 281, 287 (7th Cir.1992).

We therefore have the capacity to place the burden of persuasion on either party, despite the lack of explicit statutory allocation of the burden of proof.   The more difficult question is where we *should* place the burden of persuasion regarding this defense to this offense.

This is a question of federal common law.   In searching for potential sources of the answer to this question, we first look to Supreme Court case law and that of our own Court.   We find no Supreme Court case that clearly speaks to this question;   the Supreme Court case law is more frequently directed at the problem of constitutional constraints on the placement of the burden of persuasion, not at the question of where the burden is best placed when the Constitution does *not* constrain the choice.

Three opinions of our Court of Appeals, however, bear some relevance to the issue of the placement of the burden of persuasion on the justification defense to a § 922(g) charge.   *Paolello* contains language hinting that, under the circumstances presented by the strictly worded felon-in-possession statute, it may well be the defendant who bears the burden of persuasion on the justification defense:   "To ensure that this strict prohibition [of felons in possession of firearms] is effectuated, we should require that the defendant meet a high level of proof to establish the defense of justification."   *Paolello*, 951 F.2d at 542.   However, it is quite clear that this language is dictum, because we explicitly reserved the question of the allocation of the burden of proof:

At oral argument before us the parties agreed that if there were a new trial it would be Paolello's burden to produce evidence to support the justification defense and, if he did so, it would be the government's burden to disprove that defense beyond a reasonable doubt. We think, however, that inasmuch as there may be some question as to whether this agreement accurately reflects the law and, in view of the further fact that the briefs understandably do not focus on the issue, that it would be prudent to leave for determination on the remand the allocation of burdens on the justification defense.

*Id.* at 544. [FN2]   Thus, *Paolello* does not settle the

question before us.

> FN2. Although we stated that the issue should be left "for determination on the remand," no such determination actually ensued;    instead, when the case was remanded, Paolello entered a guilty plea.

The two other cases, *United States v. Santos*, 932 F.2d 244 (3d Cir.1991), and *Government of Virgin Islands v. Smith*, 949 F.2d 677 (3d Cir.1991), both decided before *Paolello*, do not present the specific circumstance of the burden of persuasion on a justification defense to a § 922(g) charge, but discuss more generally the appropriate placement of the burden of persuasion for affirmative defenses that do not negate an element of the crime charged.   In *Santos*, we reviewed under a plain error standard a jury instruction regarding the burden of persuasion on a duress defense to cocaine distribution and conspiracy charges.   *See Santos*, 932 F.2d at 245, 250.   We found no plain error in an instruction that put an initial burden of persuasion on the defendant to prove the duress defense by a preponderance of the *346 evidence;   were the defendant to make this initial showing, the burden would then shift to the government to disprove the defense beyond a reasonable doubt.   *See id.* at 248.   Santos herself had requested this instruction; her objection to the charge on appeal was not that the burden of persuasion was misplaced, but rather that the trial judge did not sufficiently explain the meaning of the "preponderance of the evidence" standard to the jury. While the government correctly states, and the District Court also found, that *Santos* enshrines into the law of our court the principle that "there is no constitutional bar to placing the burden upon a defendant to prove the affirmative defense of duress by a preponderance of the evidence where the crime charged contains no requirement of *mens rea*," *id.* at 249, it is clear that *Santos* does not itself announce a general rule for the appropriate placement of the burden of persuasion in such cases.   Unlike the case before us, *Santos* involved a highly deferential standard of review of a jury charge that was in essence requested by the defendant.   We conclude that *Santos*, like *Paolello*, leaves the question before us unanswered.

Although *Smith* presents circumstances much different from those before us, it contains some discussion of the *Santos* decision that is worth noting here.   In *Smith*, we held that, under Virgin Islands law, it was plain error for the District Court to refuse

FROM US ATTORNEY DELAWARE                      (FRI) 3. 24' 06 11:00/ST. 10:57/NO. 4861730423 P  7

225 F.3d 340                                                              Page 6
225 F.3d 340
(Cite as: 225 F.3d 340)

to give an instruction on the burden of proof on self-defense; the charges were first degree murder and unlawful possession of a firearm during the commission of a crime of violence. *See Smith, 949 F.2d at 678-79.* *Smith* speaks broadly of the government's burden to disprove affirmative defenses, but *Smith* does not directly address our situation: *Smith* dealt with a state law case in which the defense in question negated the requisite intent element. The *Smith* majority, in distinguishing *Santos*, does state that the jury instruction in *Santos*, although "erroneous," did "correctly place[ ] upon the government the ultimate burden of proving duress beyond a reasonable doubt." *Smith, 949 F.2d at 682 n. 5.* In fact, even the *Smith* dissent refers to the charge given in *Santos* as being erroneous, though not plainly erroneous. *See Smith, 949 F.2d at 688* (Alito, J., dissenting). However, the *Smith* panel's characterization of the *Santos* decision is dictum, and, as we have noted earlier, *Paolello*, decided after *Smith*, clearly did not regard the question of the appropriate burden of proof on affirmative defenses as a settled question. To the extent that dicta are relevant to our decision in this case, the dicta in *Paolello* and in *Smith* might be said to point in opposite directions.

We conclude that *Paolello*, *Santos*, and *Smith* do not answer the question before us. We therefore proceed to consider the case law of other Courts of Appeals as a guide to how we might choose the appropriate rule in this case.

Although the parties in our case propose different characterizations of the appellate case law on the issue before us (and indeed the parties differ as to how they characterize the issue itself), they agree that the other Courts of Appeals are not in complete accord on this topic. *See* Dodd Br. at 12 ("The vast majority of the circuits have held that, absent congressional legislation to the contrary, the government bears the burden of disproving an affirmative defense, such as justification or duress, so long as the defendant has produced some evidence in support of the defense."); Gov't Br. at 19 ("All but one of the circuits that have specifically addressed the issue have held that, in the context of crimes that do not require specific intent or *mens rea*, the burden of proof as to justification is properly placed upon the defendant."). In reflecting on the case law, we keep in mind that the only issue before us today is the proper placement of the burden of persuasion on the *justification* defense to a *felon-in-possession* charge, not the more general question of the placement of the burden of persuasion\*347 on affirmative defenses

that do not negate an element of the offense.

Two Courts of Appeals have addressed the precise issue before us, and have reached opposite conclusions. We have already described the Seventh Circuit Court of Appeals' decision in *United States v. Talbott*, which rested on the assumption that Congress's silence as to the burden of persuasion on this defense left the courts powerless to place the burden on the defendant. As stated above, we disagree with *Talbott's* analysis. As we noted above, Congress was silent not only on the issue of the burden of persuasion, but also as to whether the defense itself was available. Just as we have the power to read the traditional common-law defense into the statute, we have the power to determine the applicable burden of persuasion. *Talbott* also relied upon the existence in its court of a pattern jury instruction on point, which placed the default burden of persuasion on the government to disprove affirmative defenses beyond a reasonable doubt; we have no such pattern jury instruction in the Third Circuit. [FN3] Because the Seventh Circuit Court of Appeals' analysis rested almost entirely on its conclusion that the court was without power to place the burden of persuasion on the government, and on the further support of the Seventh Circuit pattern jury instructions, we decline to follow the *Talbott* decision.

> FN3. Just as the case law in this area is divided as to the appropriate placement of the burden of persuasion, so are the pattern jury instructions of those courts that have promulgated such instructions. *See infra* note 8.

We view the Eleventh Circuit Court of Appeals as having adopted a sounder approach. In *United States v. Deleveaux, 205 F.3d 1292 (11th Cir.2000)*, the United States Court of Appeals for the Eleventh Circuit ruled that the defendant in a § 922(g) case bears the burden of proving a justification defense by a preponderance of the evidence. The *Deleveaux* Court emphasized that in the context of a felon-in-possession charge, the justification defense depends on "additional facts and circumstances that are distinct from the offense conduct." *Deleveaux, 205 F.3d at 1299.* The *Deleveaux* Court further explained:
[T]he justification defense is a limited defense to a strict liability statute, [FN4] which sought broadly to prohibit possession of firearms by convicted felons. The justification defense also does not negate any

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

FROM US ATTORNEY DELAWARE

225 F.3d 340
225 F.3d 340
**(Cite as: 225 F.3d 340)**

Page 7

element of this offense, but requires proof of additional facts and circumstances distinct from the evidence relating to the underlying offense.... The defendant will usually be best-situated to produce evidence relating to each element of this affirmative defense.

> FN4. The case law in our court describes the § 922(g) offense as a "general intent" crime rather than a strict liability crime, *United States v. Williams*, 892 F.2d 296, 303 (3d Cir.1989), *superseded by statute on other grounds* as indicated in *Stinson v. United States*, 508 U.S. 36, 39 n. 1, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). However, the general intent contained in the § 922(g) offense is merely the baseline intent to possess the firearm; thus, the distinction between our nomenclature and that of the Eleventh Circuit Court of Appeals does not obviate the applicability of the reasoning of the *Deleveaux* Court.

*Id.* at 1300.

The reasoning in *Deleveaux* dovetails nicely with the case law already existing in our court, most notably *Paolello*. While *Paolello* did not speak to the precise issue before us today, in that case we did clearly indicate that we should adopt a narrow view of the justification defense as employed in connection with the felon-in-possession statute. *See Paolello*, 951 F.2d at 541, 542 (noting that "several courts have limited the breadth of the justification defense ... in the section 922 context in order to achieve the statute's purposes," and approving this "restrictive approach"). *Deleveaux* relies on *Paolello* for this principle, *see Deleveaux*, 205 F.3d at 1297 (quoting *Paolello*, 951 F.2d at 541-42), and, although *Paolello* does not control the outcome in this case, our imposition of the *348 burden of persuasion on the defendant would be entirely consistent with our reasoning there.

We find *Deleveaux* to be persuasive and consistent with the background of the common law. [FN5] At common law, the defendant bore the burden of proving all affirmative defenses. *See Patterson v. New York*, 432 U.S. at 202, 97 S.Ct. 2319 (1977) (stating that at common law, the burden of proving "affirmative defenses-indeed, 'all ... circumstances of justification, excuse or alleviation'-rested on the defendant") (quoting 4 William Blackstone,

Commentaries *201); *see also Mullaney v. Wilbur*, 421 U.S. 684, 693, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). Although there has been something of a twentieth-century trend toward requiring the government to bear the burden of persuasion on certain affirmative defenses, this trend has been by no means uniform across jurisdictions or across types of defenses. *See Patterson*, 432 U.S. at 207 n. 10, 97 S.Ct. 2319 ("Even so, the trend over the years appears to have been to require the prosecution to disprove affirmative defenses beyond a reasonable doubt. The split among the various jurisdictions varies for any given defense.") (citations omitted); George P. Fletcher, *Two Kinds of Legal Rules: A Comparative Study of Burden-of-Persuasion Practices in Criminal Cases*, 77 Yale L.J. 880, 887 (1968); *see also* Jay M. Zitter, *Construction and Application of 18 U.S.C.A. § 17, Providing for Insanity Defense in Federal Criminal Prosecutions*, 118 A.L.R. Fed. 265, 265, 1994 WL 906476 (1994) (describing how public outcry following John Hinckley's attempted assassination of President Ronald Reagan led to Congress's enactment of the Insanity Defense Reform Act of 1984, Pub.L. No. 98-473, 98 Stat.2057 (codified as amended at 18 U.S.C. § 17(b) (2000)) (shifting to the defendant 'the burden of proving the defense of insanity by clear and convincing evidence")). An examination of appellate decisions concerning the burden of persuasion on other affirmative defenses reveals a quite divided jurisprudence, without any clear default rule as to how affirmative defenses generally should be treated. For example, in the case of duress or coercion defenses, appellate courts have set differing rules for allocating the burden of persuasion in various circumstances. [FN6] *Compare, e.g.*, *United States v. Willis*, 38 F.3d 170, 179 (5th Cir.1994) (stating, in a case involving a duress defense to a charge of carrying a firearm during the commission of a drug trafficking crime, that the defendant bears the burden of proof of "a justification defense such as duress"), *and United States v. Dominguez-Mestas*, 929 F.2d 1379, 1380 (9th Cir.1991) (per curiam) *349 (holding that defendant has the burden of proving duress defense to a charge of unlawful importation of merchandise), [FN7] with United States v. Arthurs*, 73 F.3d 444, 448 (1st Cir.1996) (stating that, in a case involving charges of importing cocaine and possessing cocaine with the intent to distribute it, the government must disprove a duress defense beyond a reasonable doubt once the defendant has laid "a predicate warranting a duress instruction"), *United States v. Mitchell*, 725 F.2d 832, 836 (2d Cir.1983) (placing burden of persuasion on government to disprove duress defense to armed bank robbery

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

FROM US ATTORNEY DELAWARE                    (FRI) 3. 24' 06 11:01/ST. 10:57/NO. 4861730423 P  9

225 F.3d 340                                                                                    Page 8
225 F.3d 340
(Cite as: 225 F.3d 340)

charges, once the defendant has sufficiently placed the defense in issue), *and United States v. Campbell, 609 F.2d 922, 925 (8th Cir.1979)* (holding, in bank robbery and escape case, that, once the accused has placed before the court "facts giving rise to a coercion defense," the government "must rebut the issues of coercion beyond a reasonable doubt"). [FN8]

FN5. We also note the decision of the United States Court of Appeals for the Sixth Circuit in *United States v. Wolak,* 923 F.2d 1193 (6th Cir.1991). In *Wolak,* the Court of Appeals did not explicitly announce a rule as to the appropriate placement of the burden of persuasion on a "temporary innocent possession" defense to a § 922(g)(1) charge, but did express its view that an instruction proffered by the defendant "was fatally flawed because it erroneously stated that 'the Government must prove beyond a reasonable doubt that this defense [innocent possession] does not apply to this case.'" *Wolak,* 923 F.2d at 1198. The innocent possession defense at issue in *Wolak* was characterized by the *Wolak* Court as a "justification defense" and is similar to the defense at issue here. *Id.*

FN6. We include a description of these duress and coercion cases merely as an example of the variety with which courts have treated the burden of persuasion on common-law affirmative defenses. We do not believe that the duress and coercion cases are sufficiently similar to the justification scenario so as to be dispositive of this case, even were these duress and coercion cases to be uniform in their allocation of the burden of persuasion. *Cf.* Paul H. Robinson, 1 Criminal Law Defenses § 25(b), at 96 (1984) (placing duress and coercion in the "excuse" category of defenses, a broad category separate from the "justification" category). For the reasons described above, our own holding in this case is limited to the circumstances presented here-the justification defense to a felon-in-possession charge-and therefore we consider only the case law on that issue (*Paolello, Talbott, Deleveaux,* and *Wolak*) to be directly relevant to our decision.

FN7. The District Court in the case before us, which rendered its decision in April 1999

and thus did not have the benefit of the Eleventh Circuit Court of Appeals' subsequent decision in *Deleveaux,* relied heavily on the reasoning of the Ninth Circuit Court of Appeals in *Dominguez-Mestas. See* A. at 215-18. Although *Dominguez-Mestas* has some persuasive force, we find *Deleveaux,* which more clearly matches the scenario at issue in our case, to be the better guide to our decision.

FN8. The pattern jury instructions cited by both the government and the defendant similarly reflect the absence of a clear default rule on the placement of the burden of persuasion on affirmative defenses generally. *See* Federal Judicial Center Pattern Criminal Jury Instructions § 56 (1988) (placing burden of disproving duress defense on government); First Circuit Pattern Criminal Jury Instructions, intro. cmt. (1998) (stating that, except in the case of the insanity defense, the burden of persuasion on affirmative defenses is on the government); *id.* § 5.05 (stating that government bears burden of disproving duress defense, but also referring to a case note that says "the burden of proof remains with the government, *at least if the charged crime requires mens rea*") (emphasis added); Fifth Circuit Pattern Criminal Jury Instructions § 1.36 (1997) (placing burden of persuasion on defendant on justification, coercion and duress defenses, but noting that this practice is "[c]ontrary to many other circuits"); Sixth Circuit Pattern Criminal Jury Instructions § 6.05 (1991) (placing burden on the government on coercion and duress defenses, but noting that "significant modifications must be made in this instruction" in the case of a justification defense to a felon-in-possession charge); Seventh Circuit Pattern Criminal Jury Instructions § 4.01 (1999) (stating that, for affirmative defenses other than insanity defense, burden of persuasion is on government); Eighth Circuit Model Criminal Jury Instructions § 3.09 (1996) (similar to Seventh Circuit); Ninth Circuit Model Criminal Jury Instructions § 6.4.2 (1997) (placing burden of persuasion on defendant for affirmative defenses that do not negate an element of the offense). We note that the relevant Eleventh Circuit pattern instruction, Eleventh Circuit Pattern

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

225 F.3d 340                                                                     Page 9
225 F.3d 340
(Cite as: 225 F.3d 340)

Criminal Jury Instructions § 15 (1997), which appears to place the burden of persuasion on the government, contains language suggesting that such placement is only appropriate in cases where the offense has a high *mens rea* requirement; furthermore, it seems clear that *Deleveaux* at least partially supersedes this pattern jury instruction.

At oral argument, Dodd's counsel suggested that we should follow the same analytical course in allocating the burden of persuasion for the justification defense to the § 922(g) charge as we have for entrapment. We have held, as has the Supreme Court, that the government bears the burden of proving beyond a reasonable doubt that the defendant was not entrapped. *See Jacobson v. United States,* 503 U.S. 540, 548-49, 112 S.Ct. 1535, 118 L.Ed.2d 174 (1992); *United States v. Wright,* 921 F.2d 42, 44 (3d Cir.1990). In light of the diversity of analytical solutions that the appellate courts have reached with respect to various affirmative defenses, however, we reject any argument that consistency demands we follow the entrapment precedents in this case. Entrapment is a very different defense from the justification defense in the instant case; in order to raise the defense of entrapment, there must be some evidence that government agents have had an inappropriate role in bringing about the criminal behavior alleged. It seems reasonable that the government*350 should bear the burden of disproving a defense whose very essence is the allegation of illegitimate government conduct. *See Sherman v. United States,* 356 U.S. 369, 372, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958) ( "Entrapment occurs only when the criminal conduct was 'the product of the creative activity' of law-enforcement officials.") (quoting *Sorrells v. United States,* 287 U.S. 435, 451, 53 S.Ct. 210, 77 L.Ed. 413 (1932)). In contrast, the justification defense to a felon-in-possession charge concerns an exception to a very restrictive statute that, on its face, forbids possession in all circumstances; the facts necessary to allege and to prove a justification defense in this scenario are more easily accessible to the defendant than to the government. *See Deleveaux,* 205 F.3d at 1300 ("[T]here are strong practical considerations in favor of requiring the defendant rather than the government to bear the burden of proving the justification defense to a § 922(g)(1) charge.... The defendant will usually be best-situated to produce evidence relating to each element of this affirmative defense.").

We conclude that a rule that places the burden of

persuasion on the defendant with regard to a justification defense to a felon-in-possession charge is constitutionally permissible, consonant with the common law, preferable for practical reasons, and faithful to the strictness of the statute into which we have read this justification defense. [FN9]

FN9. We reject Dodd's argument that putting the burden of proof on the defendant on an affirmative defense will unduly confuse the jury. The cases cited by Dodd in support of this argument, *see* Dodd Br. at 21-24, are not on point. *United States v. Mitchell,* 725 F.2d 832, 836 (2d Cir.1983), concerned a defense that tended to negate the *mens rea* element of the charged crime. *United States v. Watson,* 489 F.2d 504, 510-11 (3d Cir.1973), referred to jury instructions that placed the burden of persuasion on one element of a defense on the government, and on another element on the defendant. While such bifurcated jury instructions might be confusing, the simpler instruction at issue here would not be. In this particular case, Judge Gawthrop gave a jury instruction that clearly placed the burden of persuasion on the defendant on his justification defense. *See supra* page 343.

We will therefore AFFIRM the District Court's order of conviction and sentence.

C.A.3 (Pa.),2000.
U.S. v. Dodd
225 F.3d 340

Briefs and Other Related Documents (Back to top)

• 2000 WL 33982126 (Appellate Brief) Reply Brief for Appellant (Apr. 21, 2000)
• 2000 WL 33989684 (Appellate Brief) Brief for Appellee United States of America (Apr. 05, 2000) Original Image of this Document (PDF)
• 2000 WL 33982124 (Appellate Brief) Brief for Appellant (Feb. 28, 2000)
• 99-1530 (Docket) (Jun. 28, 1999)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 05-98-GMS |
| | ) | |
| DEONDRE BOYER, | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATION

The United States of America, by and through its attorneys, Colm F. Connolly,

United States Attorney for the District of Delaware, and Douglas E. McCann, Assistant United

States Attorney for the District of Delaware, and Joe Hurley, Esquire, attorney for the defendant,

Deondre Boyer, hereby stipulate and agree that on or about November 12, 2002, Mr. Boyer was

convicted in the United States District Court for the District of Delaware of a crime punishable

by imprisonment for a term exceeding one year.

Colm F. Connolly
United States Attorney

_____          By: _____
Joe Hurley, Esquire                    Douglas E. McCann
Attorney for Defendant                 Assistant U.S. Attorney

_____
Deondre Boyer
Defendant